1  Rosemary M. Rivas (State Bar No. 209147)  Rachel F. Sifuentes (State Bar No. 324403)
   Email: rrivas@zlk.com  Email: rsifuentes@rshc-law.com
2  **LEVI & KORSINSKY LLP**  **RILEY SAFER HOLMES & CANCILA LLP**
   388 Market Street, Suite 1300  456 Montgomery Street, 16 Floor
3  San Francisco, California 94111  San Francisco, California 94104
   Telephone: (415) 291-2420  Telephone: (415)275-8550
4  Facsimile: (415) 484-1294  Facsimile: (415) 275-8551

5  *Counsel for Plaintiffs Diana Vallarta and Lisa*  *Counsel for Defendant United Airlines, Inc.*
   *Salmons*
6
   [*Additional Counsel listed on signature page.*]  [*Additional Counsel listed on signature page.*]
7

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DIANA VALLARTA and LISA SALMONS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No. 4:19-CV-05895-HSG<br><br>**STIPULATION AND ORDER FOR TEMPORARY STAY PENDING NEGOTIATION OF POTENTIAL GLOBAL CLASS ACTION SETTLEMENT**<br><br>Date Action Filed: September 20, 2019<br>Trial Date: Not Set |

Pursuant to Civil L.R. 6-2, Plaintiffs Diana Vallarta and Lisa Salmons ("Plaintiffs") and Defendant United Airlines, Inc. ("United") (collectively, the "Parties"), by and through their respective counsel, jointly submit this stipulation to request a temporary stay pending negotiation of a potential global class action settlement.

WHEREAS, on September 20, 2019, Plaintiffs filed this proposed class action suit, which is one of ten separately filed class actions around the country against various airlines and Amtrak involving the sale of trip insurance (the "Cases").[1]

---

[1] The nine other cases are: *Dolan v. JetBlue Airways Corp.*, No. 0:18-cv-62193-RS (S.D. Fla.); *Zamber v. American Airlines, Inc.*, No. 4:20-cv-00114 (N.D. Tex.); *Flores v. United Airlines*, No. 18-cv-06571 (N.D. Ill.); *Foshee v. Delta Air Lines, Inc.*, No. 4:19-cv-00612-MW-CAS (N.D. Fla.); *O'Kane v. JetBlue Airways*

1
Case No. 4:19-CV-05895-HSG
STIPULATION AND ORDER FOR TEMPORARY STAY PENDING NEGOTIATION OF
POTENTIAL GLOBAL CLASS ACTION SETTLEMENT

WHEREAS, United's motion to dismiss was heard by the Court on February 13, 2020 and is currently under submission.

WHEREAS, as described in the Declaration of Rodney A. Max attached hereto as **Exhibit A**, over the past few months there have been ongoing discussions about a potential global resolution of the Cases between counsel for the plaintiffs in the Cases and counsel for AGA Service Company d/b/a Allianz Global Assistance ("Allianz").

WHEREAS, United has not participated or been represented to date in these discussions.

WHEREAS, following five lengthy, hard-fought, and in person mediation sessions, including the most recent on March 12, 2020, Allianz's counsel and counsel for the plaintiffs in the Cases have reached agreement on a number of terms that do not yet form a binding agreement and continue to work diligently toward an agreement to resolve the Cases. *See* **Exhibit A**, Declaration of Rodney A. Max.

WHEREAS, the Parties, therefore, seek a stay to enable the Parties to work toward a potential global settlement.

WHEREAS, the Parties agree to submit a joint report updating the Court on the status of the settlement negotiations within 30 days of an order staying this case.

//

//

---

*Corp.*, No. 19-cv-09662 (S.D.N.Y.); *Donoff v. Delta Airlines, Inc.,* No. 9:18-cv-81258 (M.D. Fla.); *Shattenkirk v. Alaska Airlines*, No. 19-cv-01656 (W.D. Wash.); *Durkee v. Alaska Airlines*, No. 19-cv-1071 (S.D. Cal.); and *Salmons v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 1:19-cv-03253 (D.D.C.).

1       NOW, THEREFORE, THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD,
HEREBY STIPULATE AND AGREE as follows:

(1)     The action is stayed.

(2)     The Parties will submit a joint report updating the Court on the status of the settlement negotiations within 30 days of entry of an order staying the case.

Respectfully submitted,

Dated: March 16, 2020     **LEVI & KORSINSKY LLP**

By: /s/ *Rosemary M. Rivas*

Rosemary M. Rivas
388 Market Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: rrivas@zlk.com

**GLANCY PRONGAY & MURRAY**
Marc L. Godino
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495
Email: mgodino@gmail.com

*Counsel for Plaintiffs Diana Vallarta and Lisa Salmons*

Dated: March 16, 2020     **RILEY SAFER HOLMES & CANCILA LLP**

By: /s/ *Rachel F. Sifuentes*

Rachel F. Sifuentes
456 Montgomery Street, 16th Floor
San Francisco, California 94104
Telephone: (415) 275-8526
Facsimile: (415) 275-8551
Email: rsifuentes@rshc-law.com

Sondra A. Hemeryck, *pro hac vice*
shemeryck@rshc-law.com
Azar Alexander, *pro hac vice*
aalexander@rshc-law.com
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602

Telephone: (312) 471-8700
Facsimile: (312) 471-8701

*Counsel for Defendant United Airlines, Inc.*

## **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5.1 regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

/s/ *Rosemary M. Rivas*
Rosemary M. Rivas

## **ORDER**

Based on the foregoing Stipulation For Temporary Stay Pending Negotiation of Potential Global Pending Class Action Settlement and good cause being shown, the Court hereby GRANTS the Parties' Stipulation. The Court hereby orders as follows:

1. The action is stayed.
2. The Parties shall submit a joint report updating the Court on the status of the settlement negotiations within 30 days of entry of an order staying the case.

**IT IS SO ORDERED.**

Date: 3/17/2020

_____
HONORABLE HAYWOOD S. GILLIAM, JR.

# EXHIBIT A

# DECLARATION OF RODNEY A. MAX

I, RODNEY A. MAX, declare pursuant to 28 U.S.C. §1746 as follows:

1. My name is Rodney A. Max. I am over the age of 18 and I am competent to give testimony. The statements contained herein are based upon my own personal knowledge and are true and correct.

2. I submit this Declaration in my capacity as the mediator in connection with the parties' joint motion to stay these proceedings to allow the parties to work toward an agreement to resolve this and nine other separately filed actions pending across the country against various airlines and Amtrak regarding the sale of trip insurance to consumers. While the mediation process is confidential, the parties have authorized me to inform the Court of the procedural and substantive matters set forth herein in support of their joint motion to stay. My statements and those of the participants during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the parties' part to waive the agreement or the protections of Rule 408. I make this Declaration based on personal knowledge and am competent to so testify.

## II. BACKGROUND AND EXPERIENCE

3. I graduated in 1975 *cum laude* from the Cumberland School of Law. Upon graduation, I became licensed to practice law in the state of Alabama (1975) and the state of Florida (1976). I am currently a member of Upchurch, Watson, White & Max Mediation Group, Inc.

4. Since 1992, my practice has focused exclusively on alternative dispute resolution, with an emphasis on mediation.

5. I have national mediation experience and have mediated in 34 states and the

District of Columbia. I have been selected to conduct mediations by leading plaintiffs' attorneys, defense counsel, and in-house counsel for national and international manufacturers, distributors, transporters, insurers, and service-provider companies and have been appointed by federal and state judges from coast to coast.

6. I have mediated cases involving alleged consumer fraud, wrongful death and personal injury, breach of contract, bad faith, securities (NASD), antitrust, patent and trademark, Lanham Act, construction, property, environmental, fraud and suppression, banking, estate, and trusts, stockholder disputes, partnership disputes, and shareholder derivative claims. I have mediated numerous national and statewide class actions as well as numerous mass tort, contract and statutory warranty cases. I have convened parties for mediation before suits have been filed, as well as mediated cases on appeal.

7. Over the course of my career, I have conducted well over 5,000 mediations involving over 10,000 cases.

8. I am a Past-President of the American College of Civil Trial Mediators. Additionally, I am a member of the Alabama Center of Dispute Resolution, the Florida Academy of Professional Mediators, and the Dispute Resolution Section of the American Bar Association.

9. I have played a major role in establishing rules, standards, and ethics for mediators. I initiated the Mediation Process and Practice Program at Cumberland School of Law as an adjunct professor from 1997-2002. Additionally, I have lectured at CLE seminars for attorneys or those who have sought training on mediation at the following courses:

- American College of Attorney Mediators - Multi Party Mediation, The Business of Mediation;

- American Bar Association Dispute Resolution Section - Multi Party

Mediation, Ethics of Mediation, The Business of Mediation;

- New Jersey Bar Association - The Practice of Mediation;

- Alabama Bar Association - Multi Party Mediation; Mediation Dissected;

- Florida Academy of Civil Trial Mediators - Opening Statements;

- University of Florida - Designing The Mediation; and

- The International Academy of Mediators - Ethics of Mediation.

10. I have also published a number of articles on alternative dispute resolution. The following abridged list is a sampling: *Mediation Comes of Age,* published in *The American Journal of Trial Advocacy,* Volume 23, Issue 3 (Spring 2000); *Multiparty Mediation,* published in *The American Journal of Trial Advocacy,* Volume 23, Issue 2 (Fall 1999); *Designing The Mediation,* presented at professional seminars; *The Ethical Civil Trial Mediator,* The Letter, The Spirit and The Practice, presented at professional seminars; and *Mediation: The Humanization of the Justice System,* presented at professional seminars.

## III. THE PARTIES' SETTLEMENT NEGOTIATIONS

11. On Tuesday, October 15, 2019, I convened the first mediation session with parties to the matter of *Dolan v. JetBlue Airways Corp.,* No. 0:18-cv-62193-RS (S.D. Fla.). That session was extremely adversarial and ended with the parties extremely far apart.

12. Thereafter, a few months went by without any discussion about a possible settlement of the *Dolan* matter or any of the cases filed by Plaintiffs' counsel against other airlines.

13. In late January 2020, I was contacted by the parties in *Dolan,* as well as in *Donoff v. Delta Air Lines, Inc.,* No. 9:18-cv-81258-DMM (S.D. Fla.), *Zamber v. American Airlines, Inc.,* No. 4:20-cv-00114 (N.D. Tex.), and *Foshee v. Delta Air Lines, Inc.,* No. 4:19-cv-

00612-MW-CAS (N.D. Fla.), to ascertain my availability for another mediation session between counsel for the airlines and the airlines' partner and potential indemnitor, AGA Service Company d/b/a Allianz Global Assistance ("Allianz"), Lazaro Fernandez, Jr. of Stack Fernandez & Harris, P.A., and counsel for the plaintiffs in *Dolan* and *Donoff,* Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP. Due to my schedule, I was only able to make Saturday, February 1, 2020, available to mediate with Messrs. Fernandez and Davidson.

14. On Saturday, February 1, 2020, I met with Messrs. Fernandez and Davidson in Plantation, Florida to continue mediation efforts to try and reach a resolution of *Dolan, Donoff, Zamber,* and *Foshee.* Although some progress as to a settlement had been made, mediation ended with the parties still extremely far apart. However, Messrs. Fernandez and Davidson agreed to continue talking on the phone and, if possible, meeting in person in New York City the following week when both would coincidentally be there on other matters.

15. Ultimately, Messrs. Fernandez and Davidson were unable to meet in New York City, but jointly requested another in-person mediation session with me. Again due to my availability, I was only able to offer Saturday, February 15, 2020 to the parties.

16. On Saturday, February 15, 2020, I convened another mediation session with Messrs. Fernandez and Davidson in Miami, Florida. That session also ended without a settlement.

17. Over the course of the next several days, Messrs. Fernandez and Davidson corresponded by email and held several telephone discussions, with and without my assistance, to try to reach an understanding on certain threshold points.

18. Eventually, on February 25, 2020, Messrs. Davidson and Fernandez's negotiation progressed and reached an important state with positive prospects for global

resolution of all ten cases around the country involving the sale of Allianz trip insurance through different travel partners. Besides *Dolan, Donoff, Zamber,* and *Foshee* referenced above, this includes *O'Kane v. JetBlue Airways Corp.,* No. 19-cv-09662 (S.D.N.Y.); *Vallarta v. United Airlines,* No.19-cv-05895 (N.D. Cal.); *Shattenkirk v. Alaska Airlines,* No. 19-cv-01656 (W.D. Wash.); *Durkee v. Alaska Airlines,* No. 19-cv-1071 (S.D. Cal.); *Flores v. United Airlines,* No. 18-cv-06571 (N.D. Ill.); and *Salmons v. Nat'l R.R. Passenger Corp. (Amtrak),* No. 1:19-cv-03253 (D.D.C.). Due to the good will that had been established over the course of several months between Messrs. Fernandez and Davidson, it was agreed that Mr. Davidson and his co-counsel would convey the progress of the negotiations to various counsel for the plaintiffs in *Durkee, O'Kane, Vallarta, Shattenkirk, Flores,* and *Salmons.*

19. I presided over another in-person mediation session on March 12, 2020 involving counsel for all Plaintiffs in the ten actions, during which time, Plaintiffs' counsel and Allianz's counsel reached agreement on a number of terms that do not yet form a binding agreement but provide a foundation from which to build as the parties continue to work toward a binding agreement for a global class action settlement.

20. I strongly believe that it would be in all parties' interests if the district courts in each of the ten actions stayed the proceedings to enable the parties to continue their negotiations and focus their efforts and resources on negotiating and finalizing the written terms of a binding global settlement agreement.

21. I would also like to point out that, during all of the mediation sessions and follow- up telephone conferences that I presided over, I never at any point in time witnessed or sensed any collusiveness between the parties. To the contrary, at each point during these negotiations, the settlement process was conducted at arm's-length and, while professionally

conducted, was quite adversarial.

22. Should the Court have any questions of me, I am happy to answer and provide the same (subject to the parties' approval of me providing any such information that would otherwise be protected under the settlement of mediation privilege).

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true correct, and that this declaration was executed this 16 day of March, 2020.

_____
RODNEY A. MAX